Botsford, J.
The plaintiff, David McMillan (McMillan) moves to compel the production of documents by the law firm of Morrison, Mahoney & Miller (MMM) in response to a subpoena duces tecum.[1] MMM, a non-party deponent in this action, objects to the portion of McMillan’s motion that seeks disclosure of the work product, analysis and opinion of MMM. For the *56 reasons stated below, McMillan’s motion to compel documents related to mental impressions, conclusions and legal theories of MMM is denied.

BACKGROUND

McMillan has brought this action against Westport Insurance Corporation (Westport), alleging violation of G.L.c. 93A and G.L.c. 176D for failing to settle in a more prompt manner a legal malpractice case against the lawyers comprising the law firm of Keane, Klein and Duffey (collectively referred to as “KK&D”), which was insured by Westport. In the legal malpractice case, Westport retained MMM to defend KK&D, and the law firm of Peabody & Arnold to represent its own interests. McMillan and KK&D settled the malpractice claim in the spring of 2004 for $370,000, the remainder of the $500,000 declining limits insurance policy that Westport had issued to KK&D.[2] As part of the settlement, KK&D assigned to McMillan “all rights or claims they have or may have against Westport... for Westport’s breach of contract, breach of duty to indemnify, breach of the provisions of M.G.L. Chapter 93A, Chapter 176D, and for any other and all rights whatsoever the Defendants have, had, have had, or ever had against Westport ... as a result of the position taken by Westport regarding the litigation, defense and settlement of [McMillan]’s claims against [KK&D] and the declination of coverage for Defendant Keane. ” McMillan now asserts the assignment of rights as a basis to demand access to MMM’s entire file on KK&D’s case. MMM partially objects to McMillan’s request, seeking protection of (1) deposition questions/outlines drafted by MMM attorneys and notes made by MMM attorneys during deposition testimony; (2) analysis of legal research by MMM attorneys; (3) notes regarding trial preparation strategy created by MMM attorneys; (4) information regarding McMillan’s present counsel, Valeriano Diviacchi, Esquire, gathered by various attorneys at MMM during the last decadeinformation that includes opinions and analysis of MMM attorneys beyond the instant matter; (5) documents regarding experts, the production of which could divulge MMM’s methods for investigating experts, the analysis of attorneys from other cases regarding experts, and identify services through which MMM obtains such information; (6) notes taken by counsel during mediation settlement strategy; (7) notes regarding telephone conversations which contain the attorney’s mental impressions, conclusions and work product; and (8) notes regarding counsel’s impressions of expert opinion. MMM does not object to all other portions of the file, including communications with Westport.

DISCUSSION

In requesting the entire file of MMM, McMillan presents the question of whether an attorney can assert the work product privilege against his client who has waived the attorney-client privilege. Examination of the relevant case law establishes that an attorney may indeed assert the privilege against his own client, but that the client may overcome the privilege like any other party seeking discovery.
As a starting point, one must distinguish between the work product privilege and the attorney-client privilege. See In re Grand Jury Proceedings, 604 F.2d 798, 801 (3d Cir. 1979). The work product privilege announced in Hickman v. Taylor, 329 U.S. 495 (1947), protects “written statements and mental impressions contained in the mind of the attorney” while the attorney-client privilege protects only communications between the attorney and his client. See Hickman, 329 U.S. at 519 (describing work product privilege). See also In re Grand Jury Proceedings, 604 F.2d at 801 (differentiating the privileges). Most importantly, the lawyer holds the work product privilege,[3] whereas the client holds the attorney-client privilege exclusively. Id.
The distinction reflects the public policy goals behind the work product doctrine. The Supreme Court expressed concern for the privacy interests of an attorney in an adversarial system of justice:
An attorney’s thoughts heretofore inviolate would not be his own. Inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal system would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.
Hickman, 329 U.S. at 511. The Court added that “the general policy against invading the privacy of an attorney’s course of preparation is so well recognized and so essential to the orderly working of our system of legal procedure that a burden rests on one who would invade that privacy to establish adequate reasons to justify production.” Id. at 512.
In analyzing whether a person seeking work product presents “adequate reasons,” the court distinguishes between “opinion work product” and “ordinary work product.” In Re Grand Jury Subpoena (Zerendow), 925 F.Sup. 849, 853 (D.Mass. 1995). Opinion work product includes materials that contain the mental impressions, conclusions or legal theories of an attorney and ordinary work product covers the residual. Id.[4] Some courts grant absolute immunity to opinion work product but only qualified immunity to ordinary work product where a party may overcome the privilege by a showing of substantial need. See, e.g., In re Grand Jury Proceedings (Duffy), 473 F.2d 840, 848 (8th Cir. 1973) (holding that a lawyer’s personal recollections, notes, and memoranda pertaining to witness interviews are safeguarded absolutely). Even those courts that are reluctant to grant absolute immunity to opinion work product state that discovery of such materials may be granted in only rare situations. See In re Grand Jury investigation, 599 F.2d 1224, 1230-31 (3d Cir. 1979).
*57 Though the rare situations envisioned by the court remain unclear, the Supreme Judicial Court has identified several factors sufficient to meet the substantial need standard. See Ward v. Peabody, 380 Mass. 805, 817-18 (1980). Factors favoring production include whether the “occasion[s] for the writing of these papers are now long past” and whether “the paper [or] their substantial equivalents are available from another source.” Id. at 818. An additional factor the court emphasized was whether the “words and deeds of the attorney are themselves a subject of the relevant inquiry” in which case the Hickman policy simply does not apply. Id. Finally, the court analyzed the impact on the client’s interests of compelling production. Id.
In the instant case, McMillan seeks to use the assignments of rights gained through his settlement with MMM’s client KK&D to overcome the work product privilege. The assignment of rights may effect a waiver of KK&D’s attorney-client privilege, but since the work product privilege belongs to the attorney in the first instance, a waiver of attorney-client privilege alone is insufficient to require production. MMM has already agreed to furnish McMillan with the requested file in its entirety except for the items MMM considers privileged under the work product doctrine including, inter alia, notes and analysis, made in preparation for trial.
McMillan contends that the work product doctrine does not protect these materials because MMM’s “words and deeds” are integral to a fair resolution of his claim against Westport. According to McMillan, the subject matter of the underlying litigation against Westport is that “Westport Insurance, along with its assigned insurance defense counsel, [was] more concerned about protecting the insurance company than they were about the insured.” (Plaintiffs Motion to Compel, 8.) In fact, McMillan’s claim in this case is primarily a direct one which he may bring under G.L.c. 93A and c. 176D against Westport. The claim is that Westport engaged in unfair or deceptive conduct in the settlement of McMillan’s legal malpractice claim against KK&D. The only relevant “words and deeds” (Ward v. Peabody, supra, 380 Mass. at 818) of MMM are those communicated to Westport during the course of settling with McMillan, and MMM has already agreed to provide that information. In light of the public policy goals of the work product doctrine, where the court promotes zealous advocacy by safeguarding an attorney’s privacy, I conclude that McMillan has failed to show an adequate reason to invade that privacy.

ORDER

For the foregoing reasons, it is ordered that the plaintiff David McMillan’s motion to compel documents related to mental impressions, conclusions or legal theories of the law firm of Morrison, Mahoney and Miller is denied.

McMillan has also moved to compel documents from the defendant Westport Insurance Corporation (Westport)in particular, Westport’s claim file concerning McMillan’s legal malpractice claim against Westport’s insureds. It is not clear whether that motion is presently at issue, but I have allowed Westport’s motion for summary judgment in this case, and accordingly, conclude that to the extent the motion to compel is still alive, it should be denied.

Legal expenses amounted to $130,000 leaving $370,000 available for the settlement. McMillan has argued in the legal malpractice case that KK&D’s liability was “reasonably clear” at the outset of the malpractice claim and that defending the claim wasted the policy proceeds.

Nhe client may assert the work product privilege to the extent that his interests may be affected. In re Grand Jury Proceedings, 604 F.2d 798, 801-02 (3d Cir. 1979).

Nile Massachusetts Rules of Civil Procedure provide that documents prepared in anticipation of litigation are discoverable only upon a showing of substantial need by the party seeking discovery. Mass.R.Civ.Proc. 26(b)(3). Even when the party seeking discovery meets the substantial need standard, the court “shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney . . . concerning litigation.” Id.